Good morning. Our last case of the day is Julie Wintjen v. Dennys, Inc., numbers 25-1862 and 25-1865. And we will begin with Mr. Gillette. Gillette, Your Honor.  I'd like to reserve four minutes for rebuttal, please. Sure. Thank you. Section 203M allows employers to pay a tipped minimum wage to employees if they give employees certain information about how they'll be paid. The district court read the statute to also require employers to provide notice about the notice requirement itself. That was reversible error for at least three reasons. First, the plaintiff lacks standing. Even assuming that notice about notice is required, which we disagree with, failure to receive that notice did not cause the plaintiff any injury in fact under Article 3. Plaintiff admits that notice about the notice requirement made no impact. She admits that Dennys told her it was going to take a tip credit, told her how the wages would be calculated, told her the proper substantive information under the statute, and that at all times, she received more than minimum wage when accounting for tips. At best, she's identified a bare statutory procedural violation, which the statute provides a remedy for. But under transunion in this court's cases, that is not enough to confer standing. Second, on the merits, the district court erred... Let me just pause on standing for a moment. So my understanding of her allegation is that she says because she didn't get this notice of notice, she was entitled to get the full minimum wage, without the tip credit, in addition to her tips. Is that your understanding as well? It is, Your Honor. The way she describes her claim is essentially that she's entitled to a remedy for the statutory violation. That's no different than under the FDCPA or the TCPA or any of these other statutes. The issue here is that her claim is for inadequate notice under 203M. It's not under payment of wages. She doesn't allege wage theft. She doesn't say Denys stole her tips or that she actually made less than minimum wage. But as the result of the inadequate notice, she says that Denys needs to make up the difference between the $2.68 per hour she made and the $7.25 per hour she made. So why is that not a classic financial injury? Because, Your Honor, the injury, the financial injury, is really just the remedy under the statute. The injury, she alleges, is inadequate notice. That is only failure to get notice about the notice. And under this court's cases and under TransUnion, the plaintiff needs to come up with a downstream consequence for failure to receive notice about notice. It can't just be that not getting the notice entitles her to damages under the statute. So under this model, what would suffice for you? She didn't get notice, and so she – it seems that this is just kind of unenforceable then. It's incapable of – like just hypothesize an injury that she could have if it's not the loss of wages that she's otherwise due. Sure, Your Honor. I think it's failure to provide notice of any of the substantive information would give her standing because it would put her at risk of being underpaid wages, which is the purpose that the FLSA was designed to accomplish. That makes this case like, for example, Groshek from the Seventh Circuit and some others from this court, the long case talks about this distinction. And it's different when you're talking about notice about notice as distinct from the substantive. Okay. Yeah, I don't know. If risk of underpaid wages is good enough, and here she's claiming that she actually was underpaid wages, it strikes me that it would be good enough here. Can I ask a question on that though? Aren't you – are you saying that her claim of injury relies on her reading of the statute being correct? Yes, Your Honor. It sort of relies on the question that we're kind of here to answer. I think that's fair, and I think the way the court would do the standing inquiry would be to assume that she's right about the statute and then undertake the analysis. Did failure to get notice about notice cause an injury? But I think, Your Honor, hit the nail on the head that if you're getting past the standing inquiry, which is the threshold, then the focus would be what does the statute actually require? And I think the text, the history, the purpose of that statute is that the employer needs to provide notice about the substance, not notice about notice. So can I just attempt – just a baseline question. We need to use – this statute has been amended, from what I can tell, about six times since 1974. The version that was in effect in 2017 is the 1997 version, and 2017 is when the plaintiff was working at the Denny's in Cranberry. So just as a baseline, when we want to construe the statute, we shouldn't be looking at the version in effect right now or even its immediate predecessor. We should be looking at the version in effect in 2017, just baseline. That's the right place to look, right? That's correct, Your Honor, and I will say the only amendment I'm aware of after 2017, really after 1996, doesn't amend the relevant part of the statute. It adds 203M2B. What we're talking about is 203M2A, which is the tip credit notice. And so the statute says that you have to give notice for the provisions of the subsection. Now, as I read this statute and as I understand the United States Code, the taxonomy goes like this. Section, subsection, paragraph, subparagraph, clause, subclause. That's usually how we – at least I've heard us refer to it. And so the subsection is subsection M. And so that would mean not just – if we take this statement that you have to give notice, not just about notice. It's not just about the tip credit. Subsection M defines wage. It talks about, hey, can room and board be counted as wage? Sometimes yes, sometimes no is what those two provided clauses say. So if we read this statute as the provisions of this subsection and we take it literally, wouldn't that mean that unless the employer gave notice of the definition of wage as well as the carve-outs for hour and wage and board and lodging, then they would violate the subsection because it's subsection, not paragraph, right? I think that makes sense, Your Honor. I do want to note, though, that the Supreme Court says we're all textualists now, but it also says we don't read statutes literally. And so part of how you have to understand the statute and the language provisions of this subsection is in a way that makes sense in context, and I think – So if it's not this – so what you're saying is if it's not this subsection, it's something less than the subsection? I think it is, Your Honor. I think it's the preceding two sentences, which is – I didn't say – I hear that, but it could have just said that. It could have said – because the language goes and it says, yeah, it says the preceding two sentences shall not apply unless the employee has been informed by the employer of the provisions in this subsection. Why did it say the provisions in those preceding two sentences? But instead it blew it out and said the entire subsection. Do you have any ideas why it would do that? I don't, Your Honor, but I think that's what makes this case an interesting one, and that's where cases like Loper-Bright come in, that the court's job is to dig in, roll up its sleeves, and figure out what this statute means when you take all of it together. And I think the best indicator I have is to point the court to the history of what happens after 1974 when the notice requirement is adopted. From 1974 to 2011, there's not a single court in the country, including this court, the Department of Labor, never believes notice about notice is required. There's not even a suggestion about it, and I'd point the court to its case in Reich. That's an enforcement action by the Department of Labor. There's the Martin case, another enforcement action. There are all sorts of tip credit notice cases, and until the decision below, we're not aware of a single case that finds notice was inadequate solely because of failure to provide notice about notice. The only other case that addresses this issue is the Schaeffer case from the Seventh Circuit, and there Judge Easterbrook writing for the panel says, I'm reading the statute, and notice about notice isn't required because it wouldn't do anything, because I have to swear the language of the statute. But in order for you to win, in order for you to win, we have to read the phrase provisions of this subsection as applying to something less than the provisions of the subsection, right? You don't win. That's right, Your Honor. I think you have to read the statute to make sense. And so one of the things you say that we need to go to the history, and I'm kind of intrigued by the history because I went to the 1974 bill in legislative history that kind of enacted this notice about notice provision. Do you think that there's any possibility that there's a Scrivener's error here when it says provisions of this subsection, the provisions of this subsection applied to the subsection of the bill, not the subsection of the statute as codified? Because in the bill, it was, I think, subsection 13A. And in here, it's just subsection M. Do you think that there's a possibility that they just said we messed up, we codified the subsection of the bill, not the subsection of the statute? I think it's possible, and I think it's a creative reading, Your Honor. I think the challenge is that you're talking about the legislative history as opposed to the history of the enactment. No, that is the history of the enactment. That is the bills that came out. That's the actual bill. And so would in reading the bill, would in reading the public law, should in this subsection actually refer to the subsection of the public law number, not the subsection of the United States Code as codified? Sure. I think that would be a permissible way to read the statute, Your Honor. And I think that's what the court is supposed to do is take all of these different modes of statutory interpretation and figure out what was Congress trying to do. And to me, I think it's pretty clear what Congress was not trying to do was set a trap for employers to say you've just told employees the substantive information that they need to know about the tip credit. But aha, you didn't also tell them that you had to tell them what you just told them. But that's essentially what the district court said. It does seem a little bit like an aha, gotcha thing, although also I feel like the way that you're arguing it sounds a little bit like intentionalism and we're maybe focused on the provisions of the subsection. But getting to the point of context, unless such employees been informed by the employer provisions of the subsection, doesn't some of it just turn on the specificity and level of generality that we think is involved in being informed of the provisions of the subsection like could being informed mean getting information about the thrust of it. Or do we have to read it as they have to be informed of each and every provision and then how literally would it have to be are we saying, because we take it out to its logical end, it would be like saying the employer has to actually give to each employee every jot and tittle punctuation point word in subsection M, or they're not going to be able to rely on it, as opposed to just generally informed of the provisions of the subsection like the thrust of it so could you talk about that a little bit about why you think of a more general, or do you even agree that it can be read generally. I do your honor I think the interesting thing is that that issue is heavily litigated in many cases it comes up a lot from 1974 to 2011 from up until today, but it's not at all an issue in this case, because the plaintiff has conceded that she got sufficient notice under 203 M of all of the substance. The only thing she alleges is she didn't get notice about notice so the Department of Labor, and many cases talk about does notice need to be oral or written, does it need to does the employer need to explain the tip credit or just say they're I think that's the thrust of your honors question. And the answer is here it's not an issue, because no I don't I think because because no because I think my colleague in the whole notice about notice means I'm not trying to ask about the form of the notice, I'm asking but then can become a reductive problem because if notice about notice is required by this provision, then you might say well they also have to be informed that notice about notice is required and so on and so forth so I'm just trying to get you to talk a little bit more about the specificity of what it means to inform of the provisions of the subsection is a general thrust. Is it each and every one and explain why one reads better than the other. Sure, Your Honor, I think it's the general thrust and I think the guiding light here is the FLSA is purpose which is to make sure that employees are properly paid. So, what the employer needs to provide is at a sufficient level of specificity that the employer understands the employee, excuse me, understands their wages. So I think what that means is the employer needs to say they're taking a tip credit. They need to tell the employee, here's the tip credit amount. Here's the minimum wage amount will make up the difference if you don't make it in tips. We aren't going to take a tip credit for more than you actually make in tips, which would be another way of underpaying the employee. And then the last piece would be tip pooling, which is to say to the employee, keep your tips. If we're, if we're doing tip pooling, put your tips in the pool. If we're not, keep them to yourself because they're yours and they're part of your wages. We have to be informed of the substance of the provisions of the subsection. I think so Your Honor and I think that fits with the purpose that fits with the history of the amendment that fits with adding the notice requirement itself. What about what about the, the substance of the definition of wage in the board and lodging exceptions there in the subsection to. Sure, I think in the appropriate case, Your Honor, that might be required for an employee to get adequate notice so I could imagine a world maybe the employees on a cruise ship, and the cost of boarding is quite relevant to the wages. That's just not presented here because we have Denny's servers. So, but the statute doesn't seem to care. I mean, you've said this isn't a trap statute. I don't know that I can imagine a more trap statute than this one. This is, this is a definition section of a statute that then flips the entire minimum wage. They didn't put it in its own codified section as tipped employees and ways that you can do it in ways that you can't. It's buried in the definition of wage, which comes after produced and sale and oppressive child labor and before hours worked. And those are just straight up definitions. And this is enormously consequential. So, I don't know. It seems Congress is up to something really weird here when they put this, this doozy of a provision in a definition section. I don't know what was going on, but it does seem that there's not a material reason other than just the individual. You want us to look at the application of the statute to determine its meaning and say when it's cruise ships, you don't have to give the tip what labor thing, but you have to do the others. Interesting. And I think, Your Honor, I mean, if you view the statute as essentially adopting a trick, it's a trap statute. I think that would not be a valid reading of it. I mean, I think if you put your Congress hat on and you say, what was Congress trying to do? I don't think it would be a fair interpretation, which is what Encino Motorcar says to do to think Congress is trying to trap. Okay. I don't know. I'm not saying they were subjectively trying to do it, but do you know of any other definitional statute in the entire United States code that has this big of a consequence buried in a definition? I don't, Your Honor. The tax code maybe, but there's a few good guesses, but I don't know of any either. And so I don't know that it was an intentional or subjective trap, but it feels it's a weird place to bury something this significant, right? Sure. And Your Honor, we also looked for other statutes that might require notice about notice. We tried to figure out why would Congress have wanted that to be the proper outcome. And frankly, the answer is we came up dry there too, because the whole point of notice, and we accept that notice is required. We accept that there is a valid purpose that Congress had in saying, it's not enough to just pay the employee enough when you account for tips, they need to understand they're getting paid less than regular minimum wage because they're getting the tips. And if they don't make up the difference in tips, the employer will pay. So I think the notice requirement makes sense. What doesn't make sense is notice about the notice requirement because it serves no purpose for the employee. It serves no purpose for the employer. And I'd submit it served no purpose for Congress to say, aha, let's design a statute to require the employer to provide useless information that makes no difference to the employees. I see my time is long expired. Does the court have further questions? We'll see you back on rebuttal. Thank you. Well, morning, your honors, may please the court, Gerald Wells a third from Lynch Carpenter, on behalf of Julie Wynja and the appellee, as well as the certified class. Joining me on council's table is our summer associate re serve from Dickinson law. Going back to what Judge Freeman said the very first case. Right here, we're concerned about the words on the page and here we're concerned about the words on the page that both Congress and the Pennsylvania General Assembly put there. And because of that, what Denny's effectively is asking this court to do is to engage in policy determinations and to insert provisions into both statutes that simply aren't there. As a district court noted, when it granted summary judgment back in February of 2021, there is no limitation as to which provisions. The employer must notify of the employer must notify of other provisions in total is what the district court held. And that is what we say is appropriate fair reading of the statute. And as this court, as well as the Supreme Court has said, when the case when the statute is clear. You can this court cannot insert words and cannot insert provisions, because they think they would like a better outcome. Rather, the court must enforce the words and the intent of Congress as expressed through those words so so on. So, under your reading for the notice to be sufficient, it would have to include the definition of wage, and then the to provide those for board and lodging. And if it didn't include the definition of wage, and the to provide those for board and lodging, then the credit wouldn't work. With respect. Yeah. With, with respect to two or three, and to the provision with respect to how tipped employees are paid. If the calculation of what included provisions for deductions for lodging, then yes. However, if there's no deductions for lodging, then the provisions would apply to how their wages are calculated, which is the five, the five items that is set forth in the statute. So you're backing off. Just, just let me choose this up. You're backing off thing. The literal meaning of the statute, the literal meaning of the statute says and I'm not using the one that has sub paragraph two because I don't know that that was oh yeah it was. But, but the literal meaning of the statute says in this subsection in the subsection is subsection m and subsection m includes the definition of wage, and then the rooming the board and lodging points. And so, if in this subsection is taken to mean literally in this subsection. That means that you have to give every if the employer doesn't give that, regardless of whether the employees on a cruise ship or not. You have to give all of it in order for the employees part to work. Is that your contention as to what the statute means, or do you think it means that it in this subsection has to be read a little bit more narrowly than the fullness of the subsection. Reading from this, this statute, the preceding two sentences shall not apply with respect to any tip employee. So it's the analysis of how are we tip wages calculated for a tipped employee, and for a tipped employee, it's under 203 m two. But, but remember the next sentence says the preceding two sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection. It doesn't say sub paragraph to a. It doesn't say sub clause to a one or two a two. It says the subsection and the subsection is all of M. And so I guess what I'm saying is, it sounds to me like you're saying, no, I can't read the subsection to mean the fullness of the subsection. That would be crazy. Instead, I'm going to read it just with respect to tip wages. Is that what you're saying? Yes, because, because it's how the tip wait employees wages are calculated. Isn't that conceded your whole case because I thought they were informed about how it was calculated and what we don't think they were informed about is the notice of the notice, and what they were not informed of is the fifth provision that they have to be that being told that this does not apply, unless the employer is told. Here's how we're doing it, of the all five items as set forth in regulation, and the regulation simply reiterates what is in the statute and just so we all understand what that means but that basically means is that Denny's was to have a conversation with the employee that went through all the details about how they weren't actually getting minimum wage, which takes us away from being a gotcha because it's not just the Congress embedded it here then they said you have to tell them about it. So they told them they're not getting minimum wage we're giving you the tips. This is how it's going to work. This is how we make up the delta. And if we hadn't told you this thing that we just told you, then you could come and you could sue us and get more money, and because they left off that last part and they didn't say, if we didn't tell you what we just told you, you can do x. That is why she now can say, gotcha, and get more money. That's your case. With respect, the, the case is, because Denny's did not inform her of the fifth provision, then Danny's cannot claim a tip credit and she is owed the full 725 with that it so how's that different from what I just said. So, if we look at the underlying case, as the district court noted in when it granted summary judgment back in February 2021, there were other issues at play here that the court need not address. And those issues at play were plaintiff's allegation that she was encouraged by managers to share tips with non tipped workers, for example cooks, as well as to record tips for her gross sales, as opposed to tips actually received. So if we want to look from a macro standpoint, the way this applies and this works is here are these four things that we have to do. And we have to tell you that we can't take this unless we've told you of these four things. So as to act as effectively a enforcement to say this is how serious we are. We can't do this unless this applies. And this comes out in many different cases, when an employer, you know, way in telephone or may do the first four things but because they don't tell employees employees simply aren't informed. And the reason why this amendment was put in place is so that way employees can be fully informed. So, can I just, so let's just say that, in this case, there was the so called notice about notice, it was provided, but there was no there was no information about how an employer is supposed to treat the cost of board and lodging. Would you still have a case, or would you say no that's not a case I'm not going to bring that case. So, so notice about notices in. Okay. They get notice about notice, but they don't include the two provisions about the cost of board and lodging. Do you have a case then or not, because they're in the subsection. So, if the board and lodging was not included in the calculation of how an employee's wages were determined. Give me with respect. If it's in the, if I read, I read subsection here to apply to 203 and to not the entirety of the entire. So, so subsection subsection has a meaning, other than its standard meaning here. It doesn't mean subsection m. It means kind of sub, we're going to give it some meaning, other than subsection m. It's got to mean something more narrow than subsection m right. It can't be the whole subsection. Respectfully, your honor. I don't have 203 and 1 in front of me. I have 203 and 2. So, I do not. I cannot answer the court as to whether or not. Well, I actually think you still could, because if M2 says you have to give notice of the full set subsection and M1 is within the subsection subsection M. Then wouldn't a deficiency of providing the terms of M1 still be a problem for the tip credit. If if 203 and 1 applied to employees, then yes, I would say. A fair reading of that should be you should include 203 and 1 if however, 203 and 1 is for employees at large. As opposed to tipped employees, then I would respectfully submit that the preceding two sentences don't apply tipped employees, unless they're informed of the provisions with respect to tipped employees. I think that's a, that's a, an appropriate reason reading of both the FLSA and the PMWA because the PMWA has a similar has the same verbiage with respect to notice of this provisions. So, if I can just follow up on that it sounds like what you're so you're carve out your practical reading of the statute is you have to be informed of the relevant or the applicable provisions of the subsection, but I think that also gives away your case doesn't it because she actually did get notice. So the idea that she's a person who didn't get notice also is inapplicable to her. So why would she have needed to do you see what I'm saying so it can't apply to the person who got noticed so I just, I, I think, I think if we're going to read has been informed by the employer of the provisions of the subject to me and has been informed by the employer of each and every provision of the subsection which is your argument. I don't see how long my colleague and one comes out, doesn't say applicable. It just says the provisions of the subsection. Fair, fair enough, it's each and every one, it has to include everyone and then that gets to my earlier questions of your colleague on the other side which is, are we at a point where we're talking about having to read out every single sentence and clause and phrase here because otherwise there might be something that has significance that's that we're missing. So I just don't know I don't see how your position leads anywhere other than all of them has to be read verbatim or given verbatim to tipped employees to keep us out of the courtroom where we are now. And I would. If two or three and one applies to tip employees and yes the employee should be informed of that. What about what about just the general definition of wage that employs that that applies to everybody, regardless of the board and lodging provisions, would it be a problem because because I mean this this whole subsection is about how to determine wage. What if the general definition of wage in the opening part of M wasn't provided wait, I'll read it for you wage paid to employee includes a reasonable cost is determined by the administrator to the employer of furnishing such employee with board lodging or other facilities. If such board lodging or other facilities are customarily furnished by such employer to the employees. If that definition of wage and kind of it can include board and lodging and other facility that applies to everything that's about as global as the definition is going to get if that wasn't in the notice that that your client received would would she would she beat the tip credit. With, with respect to that language, if it is, if it applies a tip employees and they should be informed of that. So, even if they got notice about notice, but they didn't get that general definition of wage, your client would still have a good case. Yes, based on based upon the Supreme Court precedent that you're supposed to read statutes as a written that, and the subsection, as you read it as applies to the entirety of the statute of this section, with respect to wage as opposed to what we, we proffer as two or three m two which applies to tip employees. That's appropriate, because, you know, if you look at the Senate report from the amendment in 1974. The reason the notice provision was inserted was twofold one to make certain that the employer knew that they were responsible for the calculation of wages, and to, to ensure that the employee was informed. And this information portion, the subsection here of provisions of this subsection is the only part that talks about information being provided to the employee, the. It's interesting that you referenced the 1974 amendment, could it be that the phrase in this subsection is used in that amendment referred to the subsection of the public law, not the subsection of the codified law. Potentially, but I would, but so, you know, at this point I think we're sort of going further down the rabbit hole, if we're asserting that construction of statutory construction of statutory construction, if we're if we're now saying that this statute is somehow vague ambiguous or unclear. And I would, I would submit that defendant has in the underlying case did not argue that the statute was somehow ambiguous. In fact, they argued the complete opposites that it was unambiguous, which is how the court distinguish Schaefer because Schaefer the court noted the district court noted that Schaefer inserted some potential ambiguity into the statute. And I would also add that Schaefer talked about policy consideration about what is most apt to the employee, what is kinder to the employee and the like. And frankly, those type of policy considerations, you know, are, you know, are inappropriate, given this court and the Supreme Court's holdings that if the statute is clear, you don't need to engage in that. I see that my time is up unless there's any further questions. Thank you very much. Thank you. Thank you. Just a few quick points on rebuttals runner. First, my friend on the other side started out by saying that what Denny's is asking for is a policy determination. They said that we want to add words to the statute to provide a better outcome. I disagree and I think the discussion this morning, or perhaps this afternoon, makes it clear that what we're trying to do is read the statute. Interpret it the way applying the tools that we know how to apply and come out with the outcome that is most faithful to Congress's intent. Now, I think what's clear is that we can read the statute two different ways. One option is we can read the statute, literally, we can say that the subsection includes all of 203 M, which by its term says it implies set to excuse me 203 M one, a does say it applies to any employees so Judge Phipps, I think you are right on that if subsection is taken literally it does require the whole thing. I think the alternative is to do what the Supreme Court says and not read the statute literally when it doesn't make sense to do so and we cite a number of those cases in our brief I'm sure the court is familiar with them. If we're in that world, then the question is what does subsection mean if it doesn't literally mean subsection. I think what it means, based on the history, based on the context based on the FLSA is purpose is that it means notice about the substance of the tip credit, which is exactly what happened here. Telling an employer that they need to tell an employee, how they're being paid that a tip credit is being taken the delta that the delta will be made up and information about the tip pool satisfies the language of the statute, setting aside the complication with the meaning of subsection. It gives effect to every part of the statute, including the notice requirement which Congress purposefully added in 1974. It makes sense in light of the purpose of the FLSA, which is to make sure that employees are paid properly, not to set a trap for employers. It also fits the historical application of the statute, as I said, no court, other than the decision below has ever held that notice about notice alone is necessary to fully inform an employee. I think that decision from this court also avoids a circuit split with the Seventh Circuit, which explicitly said the fifth item that's referred to in the regulation that my friend referred to notice about notice is not required under the statute. Can I ask you a question about the interplay of the FSLA claim in the PMWA claim? If there's no FSLA claim, is there a PMWA claim that we have to separately address or do those rise and fall together? There are different statutes, but I also know that the Pennsylvania code says that the PMWA is limited to applicability to only those employees not otherwise subject to the FSLA. Can you just talk about the interplay on those? Could you win on the FSLA but lose on the PMWA? How do those come up? We're focusing a lot on what this subsection means in the federal law, but the Commonwealth also used the phrase in this subsection. Sure, Your Honor. I think that if you agree with me that the FLSA does not require notice about notice, there's no reason to find that the PMWA requires that. The entire case on the Pennsylvania statute is premised on the idea that Pennsylvania follows the FLSA, that the two should be read the same way. So if the FLSA falls, the PMWA falls. Now, the flip side, if you disagree with me and you think the FLSA does require notice about notice, I still think that there is reason to find the PMWA doesn't. And that's just because it's a state law claim, and there is literally no authority from Pennsylvania that says notice about notice is required, other than this federal district court decision. There's no regulation that sort of provides the backdrop for a lot of the federal cases that talk about the FLSA. There's the only state case that anyone has identified is this Gulfview Manor case, where the court says it's sufficient to inform employees about the practice of the tip credit. There's no Pennsylvania regulation. And so I think that would be the scenario where it would be, I would say, a bridge too far for this court to reach out and say, we're going to interpret Pennsylvania law to not only be extra protective, supposedly, of the employees, but to include this requirement that serves no purpose, burdens employers, doesn't benefit employees. I don't think it makes sense to get that far. And the last point I'd make, unless the court has questions, is just a point about enforcement. And that is that under our reading of the statute, the FLSA can be enforced just as it is today. The department and private parties can go after employers who don't provide sufficient notice to their employees, who steal from their employees, who engage in other shenanigans. None of that is implicated by reversing the decision below and holding that notice about notice is not required. Thank you. Thank you to both counsel. Case is submitted.